Dear Senator Staples:
This letter is in response to your following statement and questions:
 Committee of Terre Du Lac, located in St. Francois County have asked me to get an Attorney General's opinion if the county court of St. Francois County forms a special road district for the committee of Terre Du Lac, which totals 4,400 acres of land and approximately 6.5 acres which has 2 1/2 miles of county road going completely through the property. The question is, can a special road district be confined to the local boundaries of the property and could the Terre Du Lac Association have total authority on traffic control, and does it have to be open to the public, under state law?
It is our understanding that St. Francois County is a second class, nontownship county; that the Terre Du Lac Association is a not-for-profit corporation formed for homeowners and community improvement purposes in an unincorporated area; and that no incorporated city, town, or village exists in the proposed area for the special road district.
We believe your questions are essentially as follows: (1) May property owners in Terre Du Lac petition the St. Francois County Court to form a special road district encompassing Terre Du Lac? (2) If such a special road district is formed, who is responsible for the maintenance of the two and one-half (2 1/2) miles of county roads in Terre Du Lac? (3) Does the Terre Du Lac Association have the authority to control traffic in the district? (4) Do roads in such a district have to be open to the public?
Chapter 233, RSMo, authorizes the formation of three different types of special road districts: (1) eight-mile-square special road districts, Sections 233.010 to 233.165, RSMo 1978, (2) nontownship county special road districts, Sections 233.170
to 233.315, RSMo 1978 Supp. 1983, and (3) township county special road districts, Sections 233.320 to 233.445, RSMo 1978. We believe it is important, in the context of your question to note that these provisions relate to public roads and not private roads. It is axiomatic that public equipment and materials cannot be used on private roads.
Because St. Francois County is a nontownship county, the township county special road district laws do not apply.
Section 233.010, RSMo 1978, states:
 Territory not exceeding eight miles square, wherein is located any city, town or village containing less than one hundred thousand inhabitants, may be organized as herein set forth into a special road district; provided, however, the provisions of this section shall not apply to counties under township organization or to class one counties.
Because, under the facts you present, there is no city, town, or village containing less than one hundred thousand inhabitants in the area proposed for the special road district, the Terre Du Lac area may not be organized into an eight-mile-square road district.
Section 233.170, RSMo 1978, authorizes county courts in nontownship counties to form special road districts under the provisions of Sections 233.170 to 233.315, RSMo 1978 and Supp. 1983, so long as the district is included wholly within the county organizing it, such district contains at least six hundred forty (640) acres, and the county court is not authorized to divide the territory within the corporate limits of a city having a population of one hundred fifty thousand (150,000).
Because the proposed district exceeds an area of six hundred forty (640) acres, and, we assume for purposes of this opinion, the proposed area for the district is wholly located within St. Francois County, we believe it is lawful for the St. Francois County Court to form a special road district in the Terre Du Lac area under the provisions of Sections 233.170 to 233.315, RSMo 1978 and Supp. 1983. The procedure for forming such a district is specified in Section 233.175, RSMo 1978.
As to the question of the responsibility for maintenance of the two and one-half (2 1/2) miles of "county" roads in the proposed special road district, Section 233.190.2, RSMo 1978, states:
 Said commissioners shall have sole, exclusive and entire control and jurisdiction over all public highways, bridges and culverts within the district, to construct, improve and repair such highways, bridges and culverts, and shall have all the power, rights and authority conferred by law upon road overseers, and shall at all times keep such roads, bridges and culverts in as good condition as the means at their command will permit, and for such purpose may employee hands and teams at such compensation as they shall agree upon; rent, lease or buy teams, implements, tools and machinery; all kinds of motor power, and all things needed to carry on such work; provided, that said commissioners may have such road work, or bridge or culvert work, or any part thereof, done by contract, under such regulations as said commissioners may prescribe.
This statute provides that the commissioners of the special road district have the sole, exclusive, and entire control and jurisdiction to construct, improve, and repair all public highways, bridges, and culverts located in the special road district. Accordingly, once the special road district is formed, maintenance and repair of the two and one-half (2 1/2) miles of "county" roads would be the responsibility of the special road district. Whether it is practical to form such a district to maintain but two and one-half (2 1/2) miles of road, is a matter which the county court must consider.
The third question is whether the Terre Du Lac Association has the authority to control traffic in the proposed district. It is our understanding that the Terre Du Lac Association is a not-for-profit corporation formed for homeowner and community improvement purposes. This office is unaware of any statutory provision authorizing a not-for-profit corporation to control traffic on public roads.
The fourth question is whether the proposed special road district could put a gate or other obstacle on the road, so that the road is no longer open. Section 233.190.2, RSMo 1978, grants the commissioners of the proposed district authority over public
highways. If a highway is closed, it would not be a public highway. We are aware of no provision of law authorizing a special road district to close highways. We, therefore, conclude that such highways must be open to the public at all times.
Very truly yours,
 JOHN ASHCROFT Attorney General